25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 NATIONAL ORGANIZATION FOR WOMEN, INCORPORATED, on behalf of
itself and its women members and other women who use or may
use the services of women's health centers that provide
abortions, Delaware Women's Health Organization,
Incorporated and Summit Women's Health Organization,
Incorporated, on behalf of themselves and all other
similarly situated clinics, Plaintiffs-Appellants,
v.
Joseph M. SCHEIDLER, John P. Ryan, Randall A. Terry, Andrew
D. Scholberg, Conrad Wojnar, Timothy Murphy, Monica
Migliorino, Vital-Med Laboratories, Incorporated, Pro-Life
Action League, Incorporated, Pro-Life Direct Action League,
Incorporated, Project Life, and Operation Rescue Defendants-Appellees.
 No. 91-2468.
 United States Court of Appeals, Seventh Circuit.
 May 16, 1994.
 
 Before CUMMINGS and BAUER, Circuit Judges, and VAN SICKLE, District Judge.*
 ORDER
 The plaintiffs, the National Organization for Women, Incorporated, the Delaware Women's Health Organization, Incorporated and the Summit Women's Health Organization, Incorporated, filed this lawsuit against a number of individuals and groups who oppose abortion. The plaintiffs' second amended complaint ("complaint") alleges violations by the defendants of the Sherman Antitrust Act, 15 U.S.C. Sec. 1 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1962(a), (c), and (d). The complaint also raises several pendent state claims. The district court dismissed the plaintiffs' case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. National Org. for Women v. Scheidler, 765 F.Supp. 937, 945 (N.D.Ill.1991). We affirmed. National Org. for Women v. Scheidler, 968 F.2d 612, 614 (7th Cir.1992). The Supreme Court granted in part plaintiffs' petition for writ of certiorari to consider whether RICO sections 1962(c) and (d) require proof that either a racketeering enterprise or the predicate acts of racketeering were motivated by an economic purpose. National Org. for Women v. Scheidler, 113 S.Ct. 2958 (1993). The plaintiffs also petitioned for review of our decision that their complaint failed to allege any violation of the Sherman Act. The Court denied plaintiffs' petition for writ of certiorari on the Sherman Act issue. Id.
 The Supreme Court reversed our decision as to RICO sections 1962(c) and (d). The Supreme Court held that sections 1962(c) and (d) do not contain an economic motive requirement. National Org. for Women v. Scheidler, 114 S.Ct. 798, 801, 806 (1994). The Court's opinion was limited only to two of the RICO claims. The Court concluded that the plaintiffs "may maintain this action if [defendants] conducted the enterprise through a pattern of racketeering activity. The questions of whether the [defendants] committed the requisite predicate acts, and whether the commission of these acts fell into a pattern, are not before us." Id. at 806. The Supreme Court remanded the case to this court for further proceedings in conformity with its opinion.
 As we have said, there are two RICO sections at issue in this case--sections 1962(c) and (d). Section 1962(c) provides:
 It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
 18 U.S.C. Sec. 1962(c) (emphasis added). Section 1962(d) provides:
 It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.
 18 U.S.C. Sec. 1962(d). RICO defines "racketeering activity" to include "any act which is indictable under any of the following provisions of title 18, United States Code: ... section 1951 (relating to interference with commerce, robbery, or extortion)." 18 U.S.C. Sec. 1961(1)(B).
 In this case, the plaintiffs' complaint alleges violations of section 1951--the Hobbs Act--as the "racketeering activity" or predicate acts that give rise to a pattern of racketeering activity by the defendants. Specifically, the plaintiffs allege Hobbs Act extortion--including attempts to commit extortion and conspiracy to commit extortion--as the defendants' predicate acts for purposes of RICO.
 Defendants contend that the plaintiffs' complaint does not allege that their actions violated the Hobbs Act. The Supreme Court expressly declined to reach the issue and expressed no opinion upon it. Scheidler, 114 S.Ct. at 801 n. 2. We direct the district court on remand to address this issue.
 As to plaintiffs' complaint, we reaffirm our original dismissal of plaintiffs' complaint as to count 1 (Sherman Act) and count 2 (RICO Sec. 1962(a)). The Supreme Court's decision reinstates count 3 (RICO Sec. 1962(c)) and count 4 (RICO Sec. 1962(d)). Counts five, six, and seven, which allege violations of state law, survive as well pursuant to the district court's supplemental jurisdiction. See 28 U.S.C. Sec. 1367.
 Also on remand, if necessary, the district court should consider which of the defendants' activities, as alleged, are protected by the First Amendment to the United States Constitution. See Scheidler, 114 S.Ct. at 806 n. 6. As Justice Souter pointed out in his concurring opinion, "even in a case where a RICO violation has been validly established, the First Amendment may limit the relief that can be granted against an organization otherwise engaging in protected expression." Id. at 807 (Souter, J., concurring). This includes Hobbs Act extortion--the sole RICO predicate act alleged by plaintiffs in both their complaint and their RICO Case Statement.
 
 
 1
 We remand this case to the district court for further proceedings.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, District Judge of the United States District Court for the District of North Dakota, is sitting by designation